## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br>**Jace Reed Parker,**<br><br>          **Debtor.** | **Bankruptcy Case<br>No. 14-40133-JDP** |
| **R. Sam Hopkins, Trustee,**<br><br>          **Plaintiff,**<br><br>**vs.**<br><br>**Digital Federal Credit Union,**<br><br>          **Defendant.** | **Adv. Proceeding<br>No. 16-8004-JDP** |

## MEMORANDUM OF DECISION

**Appearance:**

Heidi Buck Morrison, RACINE OLSON NYE BUDGE & BAILEY Chtd., Pocatello, Idaho, Attorney for R. Sam Hopkins, Trustee, Plaintiff.

MEMORANDUM OF DECISION – 1

*Introduction*

The Plaintiff in this avoidance action, chapter 7[1] trustee, R. Sam

Hopkins ("Trustee"), filed a motion for a default judgment (the "Motion")

against the Defendant, Digital Federal Credit Union ("Creditor"). Dkt. No.

9. No answer had been filed in response to Trustee's complaint, Dkt. No. 1,

and no opposition to the Motion was filed by Creditor. However, because

resolution of the Motion implicated an interesting issue of bankruptcy law

which had not previously been analyzed by the Court, after briefing by

Plaintiff and a hearing, the Court elected to take the Motion under

advisement. This Memorandum disposes of the Motion.

*Facts*

On November 7, 2013, Jace Reed Parker ("Debtor") purchased a

2010 Jeep Liberty Sport Utility Vehicle ("the Vehicle"). The purchase was

financed by a loan extended to him by Creditor in the amount of

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule"
references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 2

$21,400.07.  Under the loan agreement, the Vehicle was to serve as security

for the loan, and to perfect its security interest, Creditor prepared an

application for issuance of a certificate of title to the Vehicle noting its lien.

Perhaps imprudently, it gave the title application to the Debtor to file with

the Idaho Transportation Department.  Debtor never did so.  As a result,

no certificate of title reflecting Creditor as a lienholder was ever issued for

the Vehicle.

Debtor made several monthly loan payments to Creditor, including

three during the ninety days prior to February 25, 2014, totaling $1,063.68,

and several more thereafter totaling $1,770.24.  The Vehicle's whereabouts

and condition are currently unknown.[2]

On February 25, 2014, Debtor filed a chapter 13 petition.  Bk. Dkt.

---

[2] Rumor and speculation about the whereabouts of the Vehicle abound.
The Court has received various reports from Debtor via Trustee that the Vehicle
is inoperable and probably missing, that it may have been traded in, and that it
has been repossessed by some party other than Creditor.  Twice, the Court
instructed Trustee to search for more definitive information about the location
and condition of the Vehicle, but both times, Trustee's efforts came up short.  *See*
Minute Entries, Dkt. Nos. 14, 17; Supplemental Affidavit of R. Sam Hopkins, Dkt.
No. 16 at ¶¶ 7-10; Affidavit of Rebecca Gullett, Dkt. No. 21.

MEMORANDUM OF DECISION – 3

No. 1.  On June 16, 2014, Debtor's chapter 13 plan was confirmed.  Bk. Dkt.

No. 37.  The confirmed plan provided for payments to Creditor as a

secured creditor, however, when Creditor filed its proof of claim on June

18, 2014, it indicated that it was an unsecured creditor owed $24,732.39.

The chapter 13 trustee then filed a motion to modify the plan to, in essence,

reclassify Creditor as an unsecured creditor.  Bk. Dkt. No. 39.  That

modification was approved in an order by the Court entered on August 7,

2014.  Bk. Dkt. No. 43.

On March 17, 2015, the chapter 13 trustee filed a motion to convert

the bankruptcy case to chapter 7.  Bk. Dkt. No. 48.  Without objection from

Debtor, the Court entered an order converting the case to chapter 7 on

May 11, 2015.  Bk. Dkt. No. 50.

On February 17, 2016, Trustee commenced this adversary

proceeding against Creditor.  Dkt. No. 1.  In his complaint, he alleges five

separate claims for relief:  1) to avoid Creditor's lien in the Vehicle under

§ 544(a)(1), and for a money judgment equal to the alleged value of the

Vehicle on the date of the loan transaction in the amount of $21,400.07;

MEMORANDUM OF DECISION – 4

2) to avoid the prepetition payments made by Debtor to Creditor within 90 days of the bankruptcy date as preferences under § 547(b) in the amount of $1,063.68; 3) to avoid several postpetition payments made recently by Debtor to Creditor under § 549(a) in the amount of $1,770.24; 4) to "recover" the avoided transfers under § 550(a); and 5) to "preserve" the avoided transfers for the benefit of the estate under § 551.

Creditor's branch manager was personally served with a copy of the complaint and a summons in Massachusetts on April 8, 2016. Dkt. No. 5. On May 10, 2016, Trustee filed an application for entry of a clerk's default, Dkt. No. 6; it was entered on May 18, 2016, Dkt. No. 8. Then, on May 26, 2016, Trustee filed a motion for entry of a default judgment. Dkt. No. 9. Following hearings, as well as some briefing, the Court took the Motion under advisement. Dkt. Nos. 14-17, 19-21.

### *Analysis and Disposition*

### I.

Entry of a default judgment in bankruptcy court is governed by Civil Rule 55, made applicable in adversary proceedings by Rule 7055. It

MEMORANDUM OF DECISION – 5

requires a two-step process, beginning with, first, "entry of the party's

default (normally by the clerk), and [second,] entry of a default judgment."

*Cashco Fin. Servs., Inc. v. McGee (In re McGee)*, 359 B.R. 764, 770 (9th Cir.

BAP 2006).  While entry of the party's default is a necessary step, it does

not entitle a plaintiff to a default judgment.  Instead, the Court has an

independent duty to determine the sufficiency of a claim before entering a

default judgment.  *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 662 (9th Cir.

BAP 1994).

 In reviewing the Motion, the Court begins by deeming the factual

allegations pled in Trustee's complaint to be true; it need not

independently enter findings of fact.  *Adriana Intern. Corp. v. Thoeren*, 913

F.2d 1406, 1313 (9th Cir. 1990) (noting that "a default judgment generally

precludes a trial of the facts except as to damages"); *but see, DIRECTV, Inc.

v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (declining to assume the

truth of allegations in complaint that merely restate statutory language

when evaluating a motion for default judgment).

 Here, the Court finds the allegations in Trustee's complaint to be

MEMORANDUM OF DECISION – 6

sufficiently well-pled to meet the minimum standards set forth in the case

law, and therefore, deems them to be true facts.

## II.

Trustee's complaint sought relief under §§ 547, 549, and 544. The

Court will discuss each of those claims in turn.

### A.   Preference Under § 547.

Trustee alleges that Debtor made payments to Creditor on the loan

of $354.56 per month, totaling $1,063.68, within the 90 days preceding the

bankruptcy petition filing date. Trustee alleges he may avoid and recover

these payments as a preference. In order for him to do so, under § 547(b),

he must prove that a transfer of Debtor's property was made:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

MEMORANDUM OF DECISION – 7

(5) that enables such creditor to receive more than such creditor
would receive if –
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (c) such creditor received payment of such debt to the extent
    provided by the provisions of this title.

§ 547(b); *see also Krommenhoek v. Estate of Pfankuch Food Servs., Inc. (In re*

*Pfankuch)*, 08.3 IBCR 91, 92-93 (Bankr. D. Idaho 2008).

Trustee has sufficiently alleged facts to support each of these

elements in his complaint.  Dkt. No. 1 at ¶¶ 22-25.  Creditor has not

responded to the allegations.  Assuming the allegations to be true, Trustee

is entitled to avoid the transfers, and to recover them via a money

judgment against Creditor for $1,063.68.

**B.**    **Post-Petition Transfers under § 549.**

A trustee may avoid a debtor's transfer of property of the estate that

occurs after the commencement of the case and that is not authorized by

the Code or Court.  § 549(a).  In the complaint, Trustee alleges that Debtor

made payments on the loan to Creditor after he filed the bankruptcy

petition on February 25, 2014, using property of the estate, and that such

MEMORANDUM OF DECISION – 8

payments were not authorized by the Code or this Court.  Dkt. No. 1 at

¶¶ 27-29.  The payments totaled $1,770.24.  *Id*. at ¶ 30.

Because Trustee has alleged facts to support the elements for a

§ 549(a) avoidance in the complaint without contradiction by Creditor, the

Court adjudges that the transfers should be avoided and recovered by

Trustee via a money judgment against Creditor for $1,770.24.

### C.    Lien Avoidance under § 544.

### 1.    Avoidance.

The Code grants a bankruptcy trustee so-called "strong arm"

powers under § 544(a).  It provides, in pertinent part:

> (a) The trustee shall have, as of the commencement of the case,
> and without regard to any knowledge of the trustee or of any
> creditor, the rights and powers of, or may avoid any transfer
> of property of the debtor or any obligation incurred by the
> debtor that is voidable by–
>> (1) a creditor that extends credit to the debtor at the
>> time of the commencement of the case, and that obtains,
>> at such time and with respect to such credit, a judicial
>> lien on all property on which a creditor on a simple
>> contract could have obtained such a judicial lien,
>> whether or not such a creditor exists[.]

MEMORANDUM OF DECISION – 9

§ 544(a)(1).  In essence, this provision grants a chapter 7 trustee the powers

of a hypothetical lien creditor as of the date of the petition.  *Gugino v. Wells*

*Fargo Bank Northwest, N.A. (In re Lifestyle Home Furnishings, LLC)*, 10.1 IBCR

23, 24 (Bankr. D. Idaho 2010).

State law governs the extent of Trustee's rights as a hypothetical

judicial lien creditor.  *Hopkins v. Brasseaux (In re Saunders)*, 08.1 IBCR 16, 17

(Bankr. D. Idaho 2008).  In Idaho, a security interest in a motor vehicle can

be perfected only by complying with Idaho's certificate of title laws, which

require that a creditor's lien be noted on the title certificate issued by the

Idaho Transportation Department.  *Gugino v. Canyon Fin. of Boise, Inc. (In re*

*Green)*, 09.2 IBCR 44, 46 (Bankr. D. Idaho 2009).  In particular, Idaho Code

§ 49-510(1) provides:

> No lien or encumbrance on any vehicle registered under the
> laws of this state . . . shall be perfected as against creditors or
> subsequent purchasers or encumbrancers without notice until
> the holder of the lien or encumbrance . . . has complied with
> . . . section 49-504 . . . .

MEMORANDUM OF DECISION – 10

*Id*. And Idaho Code § 49-510(2) specifies that "[a] lien is perfected as of the

date of the filing of a properly completed application with the department

or an agent of the department."

Here, based upon the allegations in Trustee's complaint, it is

uncontested that Creditor's security interest in the Vehicle was not

properly perfected under Idaho law as of the date of Debtor's bankruptcy

filing because its lien was never noted on the Vehicle's certificate of title.

Because Creditor's security interest was not perfected as against a judicial

lien creditor under Idaho law, Trustee is entitled to avoid Creditor's

security interest for the benefit of the bankruptcy estate. *In re Lifestyle*

*Home Furnishings, LLC*, 10.1 IBCR at 24.

### 2.    **Remedies for Lien Avoidance**.

Assuming Creditor's lien is avoidable, then, what relief other than

avoidance is available to Trustee?

The goal of the Code, through lien avoidance, is to put the

bankruptcy estate in the same position it would have been in but for the

granting of the lien. *Rodriguez v. Daimlerchrysler Fin. Servs. Americas LLC*

MEMORANDUM OF DECISION – 11

*(In re Bremer)*, 408 B.R. 355, 358 (10th Cir. BAP 2009).  Both §§ 550 and 551

set forth the remedies to accomplish this.

   Section 551 provides that "[a]ny transfer avoided under section

. . . 544 . . .  of this title, or any lien void under section 506(d) of this title, is

preserved for the benefit of the estate but only with respect to property of

the estate."  This relief is automatic and does not require a separate

pleading or procedure.  Indeed, "[§] 541(a)(4) makes property preserved by

§ 551 a part of the property of the estate and essentially effects its

'recovery' from the transferee.  Thus the liens, once avoided and preserved,

become property of the estate[]."  *In re Bremer*, 408 B.R. at 358.

   However, a trustee has the discretion to seek an alternate remedy to

preservation of the avoided lien, using § 550.  Such a remedy protects and

benefits the bankruptcy estate when lien preservation under § 551 is

inadequate.  In particular, § 550 specifies two options for relief following

lien avoidance under § 544(a).

   First, "to the extent that a transfer is avoided under section 544 . . . of

this title, the trustee may recover, for the benefit of the estate, the property

MEMORANDUM OF DECISION – 12

transferred, or, if the court so orders, the value of such property . . . ."

§ 550(a).  Under this Code provision, then, the Court may, in exercising its

discretion, award a trustee either the actual property transferred, *or* the

value of that property.  *USAA Fed. Sav. Bank v. Thacker (In re Taylor*), 599

F.3d 880, 890 (9th Cir. 2010) ("Bankruptcy courts have discretion whether

to award recovery under § 550, even when the transferred property is a

lien."); *In re Breme*r, 408 B.R. at 359 (holding that the bankruptcy court has

discretion to award the trustee recovery of the property, or its value).

In connection with the Motion, Trustee initially argued that he

should be entitled to *both* lien preservation and to a money judgment

against Creditor for the value of the avoided lien.  However, Trustee has

since modified this request.  Because the Vehicle cannot be located, Trustee

now seeks only a money judgment against Creditor for the value of the

Vehicle, since recovery of the actual property transferred by Debtor to

Creditor - the lien on the Vehicle - would be of no benefit to the estate.

However, how the Court should value the avoided lien remains

MEMORANDUM OF DECISION – 13

unresolved under the Motion and is the issue that persuaded the Court to take the Motion under advisement.

### 3.   The Value of the Lien.

Again, the purpose of § 550 is to "restore the [bankruptcy] estate to the financial condition it would have enjoyed if the transfer had not occurred." *Aalfs v. Wirum (In re Straightline Invs. Inc.)*, 525 F.3d 870, 883 (9th Cir. 2008) (internal citations omitted).  For this purpose, the Code does not describe how the Court is to assign a "value" to the property in an avoided transfer, nor does it establish the date on which that value should be determined.  However, case law and expert commentary guide the Court.

A bankruptcy court "ordinarily determines the value of the property to be the value at the time of the transfer, but has discretion on how to value the property so as to put the estate in its pretransfer position." *Joseph v. Madray (In re Brun)*, 360 B.R. 669, 674 (Bankr. C.D. Cal. 2007); *see also, Riske v. The David Austin Seitz Irrevocable Tr. (In re Seitz)*, 400 B.R. 707, 722 (Bankr. E.D. Mo. 2008) (noting that, typically, "courts equate 'value' with

MEMORANDUM OF DECISION – 14

the fair market value of the subject property at the time of the transfer.").

This is especially true when the property in question may have declined in

value subsequent to the transfer.  *In re Seitz*, 400 B.R. at 722 (quoting *In re*

*Brun*, 360 B.R. at 674;  COLLIER ON BANKRUPTCY ¶ 550.02[3][a] (16th ed.)).

"However, there is both case law and a strong equitable argument for

allowing the trustee to recover either the greater of the value of the

transferred property at the transfer date or the value at the time of the

recovery."  *In re Seitz*, 400 B.R. at 707 (citing *In re Brun*, 360 B.R. at 674;

*Langhorne v. Warmus (In re Am. Way Serv. Corp.)*, 229 B.R. 496, 530-31

(Bankr. S.D. Fla. 1999); *Govaert v. B.R.E. Holding Co., Inc. (In re Blitstein)*, 105

B.R. 133, 137 (Bankr. S.D. Fla. 1989); COLLIER ON BANKRUPTCY ¶ 550.02[3]

(15th ed. rev. 2005)).

The appropriate rationale for valuation in this context, as explained

by the bankruptcy court in *In re Brun,* is as follows:

> [allowing the trustee to recover the value of the property as of
> the time of the recovery, rather than at the time of the transfer]
> makes sense.  As noted by COLLIER, this result is consistent
> with the well-established purpose of § 550, to restore the
> estate to the position it would have occupied had the property

MEMORANDUM OF DECISION – 15

> not been transferred.  Moreover . . . a trustee typically has the
> ability to recover the property transferred, which would allow
> the estate to benefit from any appreciation.  Section 550(e)
> demonstrates the intent of Congress that any appreciation not
> attributable to the actions of a good faith transferee inure to
> the benefit of the estate.

*In re Brun*, 360 B.R. at 674 (internal citations omitted)(emphasis in original).

In other words, where the target property appreciates in value after it is

transferred, in order to implement the intent of Congress in enacting the

avoiding powers, bankruptcy courts may value the property as of the date

of the judgment for recovery, and not the date of transfer.  However when

there is evidence that the property's value has declined, bankruptcy courts

may look to the date of the transfer in fashioning the trustee's recovery so

the estate does not suffer the burden of the post-transfer depreciation of

the asset.

Awarding the value of the avoided lien, versus merely avoiding that

lien, has been recognized as acceptable by bankruptcy courts in at least

two scenarios:  first, "[w]here the property is unrecoverable or its value

diminished by conversion or depreciation, courts will permit the recovery

MEMORANDUM OF DECISION – 16

of value." *In re Taylor*, 599 F.3d at 891 (quoting *In re Bremer*, 408 B.R. at

358-59); and second: "when the value is readily determinable and a

monetary award would work a savings for the estate." *Id.*

Valuing an avoided security interest, according to the Ninth Circuit,

requires two calculations:

> We agree that the value of a security interest is determined in
> part by the value of the secured asset, in this case the value of
> the [vehicle]. Hence, the depreciation of the value of the car
> lowered the value of the security interest. Furthermore, the
> value of the security interest is determined in part by the
> outstanding balance of [debtor's] debt. As [debtor] made
> payments to reduce [the] debt, the value of the security
> interest diminished.

*In re Taylor*, 599 F.3d at 891.

In *In re Taylor*, the bankruptcy court concluded that the value of the

avoided security interest was not readily ascertainable, and thus the only

remedy available to the bankruptcy court was to return to the estate the

transferred property - the security interest - and not the value of the

property. Likewise, in this action, the true value of Creditor's security

interest in the Vehicle at the time it was granted by Debtor is not readily

MEMORANDUM OF DECISION – 17

ascertainable. While the Court can discern with some certainty the

amount of payments Debtor made on the debt, and the outstanding

balance on the loan, those figures only satisfy one aspect of the equation.

The other information necessary to fashion a remedy is the value of the

secured asset, the Vehicle, which now is missing, and therefore,

undeterminable. In other words, on this record, the Court simply cannot

determine the value of the transferred property. Given these

circumstances, *In re Taylor* instructs that the Court order the return of the

security interest to the estate.[3]

    However, as explained above, the aim of § 550 is to put the estate

back in its pre-transfer position. Avoiding and preserving the lien,

––––––––––––––––––––

[3] As noted above, in his complaint, Trustee originally sought not only to
avoid and preserve the lien on the Vehicle, but also, a money judgment against
Creditor for the value of the Vehicle on the date of transfer. The Court
questioned Trustee's counsel repeatedly about whether this approach constituted
a double recovery, as § 550(d) provides that the trustee "is entitled to only a
single satisfaction under subsection (a) of this section." Trustee offered some
argument in support his position, but later modified his request because the
location of the Vehicle was unknown, and recovery of the avoided lien would do
the estate no good. Accordingly, the Court need not, and does not, address
whether Trustee's original requested remedy was appropriate.

MEMORANDUM OF DECISION – 18

standing alone, would not do that.  An avoided lien on a missing car is worth nothing to the estate's creditors.  And so, exercising its discretion, the Court concludes that it should instead award Trustee the value of the transferred property.

But what is that value?  Early on, Trustee sought to value the lien by reference to the original amount borrowed by Debtor from Creditor, $21,400.07.  Complaint, Prayer for Relief, Dkt. No. 1 at ¶ B.  However, payments have been made by Debtor to Creditor on the loan, and the Vehicle's value has almost certainly depreciated.[4]  In fact, there is information in the record that the Vehicle, even if it could be found, is no longer operable.  Thus, Trustee instead seeks to recover what he contends was the fair market value of the Vehicle as of the petition date, based upon the value assigned to the Vehicle in Debtor's sworn schedules, $9,827.  To support Debtor's value estimate, Trustee also offers as evidence data and

---

[4]  Trustee admits as much when he states, in his Supplemental Affidavit, that "due to the current condition of the Vehicle and the depreciation of the value of the Vehicle, as I stated in my previous affidavit, I believe the Vehicle would sell for substantially less than $9,827.00 at auction."  Dkt. No. 16 at ¶ 12.

MEMORANDUM OF DECISION – 19

opinions from the NADA auto value guide.  Trustee therefore seeks a

judgment against Creditor for that amount.[5]  While Debtor's figure is

likely high for this particular Vehicle given its reported condition,[6] the

Code and cases interpreting it instruct the Court to award the higher value

so as to place the bankruptcy estate as close as possible to its pre-transfer

position.  Accordingly, Trustee's request will be granted, and the Court

will enter a money judgment against Creditor for the value of the avoided

security interest in the amount of $9,827.

### *Conclusion*

Trustee's uncontested motion for a default judgment presented

interesting, perhaps challenging issues, regarding the appropriate remedy

---

[5]  Based upon Creditor's proof of claim indicating that the loan had a balance due of $21,211 on the petition date.  Because that amount exceeds the Debtor's estimate of the value of the Vehicle when he filed his petition, Trustee argues that he should recover that value from Creditor.  The Court agrees with Trustee that, had Creditor's lien been avoided, and the Vehicle recovered by Trustee, he would have liquidated it and retained all of the sale proceeds for the bankruptcy estate.

[6]  The NADA report attached to Trustee's Supplemental Affidavit places the "clean retail" value of a 2010 Jeep Liberty at $10,200, an "average" value at $6,950, and the "rough trade in" value at $5,925.  Dkt. 16, Exh. 1.

MEMORANDUM OF DECISION – 20

to be awarded to Trustee.  However, the well-pled facts alleged in the

complaint establish that Trustee is entitled to a default judgment which

avoids and recovers the various transfers made by Debtor to Creditor,

both before and after the bankruptcy filing.

The Motion is granted, and Trustee is directed to submit a form of

proposed default judgment for entry by the Court consistent with this

Memorandum.

Dated:  November 15, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 21